UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHIMIZU CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>DOW ROOFING SYSTEMS, LLC,<br><br>    Defendant. | Civil Action No. 1:11-cv-30085-DPW |

**DOW ROOFING SYSTEMS, LLC'S MEMORANDUM IN SUPPORT OF**
**ITS MOTION FOR LEAVE TO FILE AMENDED ANSWER**

Defendant Dow Roofing Systems, LLC ("Dow Roofing") files this Memorandum in Support of Its Motion For Leave to File Amended Answer pursuant to Fed. R. Civ. P. 15 and Local Rule 15.1. Specifically, Dow Roofing moves, based on newly discovered evidence, for leave to amend its Answer to include (1) counterclaims against Shimizu Corporation ("Shimizu") for fraudulent and negligent misrepresentation, violation of c. 93A, and tortious interference with contractual relations, and (2) third-party claims for contribution against Shin Eversendai Engineering (M) Sdn. Bhd. ("Eversendai"), Kyoei Kikaku Co. ("Kyoei"), and Canon, Inc. ("Canon"). Dow Roofing's proposed First Amended Answer, Counterclaims, and Third-Party Complaint ("Amended Answer") has been filed herewith as Ex. A to the Motion.

On March 6, 2012, this Court granted the parties' Joint Motion to Enlarge Time For Amending Pleadings and Joining New Parties. *See* Electronic Order, Dated Mar. 6, 2012. Dow Roofing understands the Court's Order to mean that neither party need seek leave to amend their pleadings or add parties up until and including April 30, 2012. Accordingly, Dow Roofing has

also separately filed its Amended Answer.  To the extent that this Court finds that additional leave must be granted, Dow Roofing submits the following:

1. Dow Roofing filed its original answer on May 2, 2011.

2. Due to settlement talks between the parties, the Court did not hold a case management conference and/or establish case management deadlines until November 2011.

3. On March 6, 2012, this Court granted the parties' Joint Motion to Enlarge Time For Amending Pleadings and Joining New Parties.  *See* Electronic Order, Dated Mar. 6, 2012. The deadline for the parties to amend pleadings and join new parties is currently April 30, 2012, which time has not yet expired.

4. On April 10 and 11, 2012, Dow Roofing took a Rule 30(b)(6) deposition of Shimizu.  This was the first and only deposition taken so far in the case.  The deposition was tailored to identify third parties and to discover additional affirmative defenses, if any.

5. During the deposition, Shimizu identified Shin Eversendai Engineering (M) Sdn. Bhd. ("Eversendai"), Kyoei Kikaku Co. ("Kyoei"), and Canon, Inc. ("Canon") as companies that had responsibilities relating to the construction, design, or maintenance of the roofs at issue in this case. Recent document and deposition discovery also has identified potential problems with the construction, design, and maintenance of the roofs.  As a result, Dow Roofing proposes to add the referenced parties as third-party defendants who may owe contribution as joint tortfeasors.

6. In addition, Shimizu testified about its relationship with the building owner, Canon Opto (Malaysia) Sdn. Bhd. ("Canon Opto"), and about the "obligations" Shimizu allegedly owed to Canon Opto to replace the roofs.  The testimony and documents produced in the case revealed that Shimizu has made misrepresentations to Dow Roofing about the bases for

its claims and about the nature and scope of its obligations to Canon Opto. The deposition also revealed that Shimizu likely interfered with Dow Roofing's contract with Canon Opto.

7. Fed. R. Civ. P. 15(a) governs amendment and states that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted the rule as follows:

> In the absence of an apparent reason to refuse leave to amend -- such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of an amendment, etc. -- leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

8. Here, leave to amend should be freely given. Dow Roofing has not acted with bad faith, undue delay, dilatory motive, or other improper motivation. To the contrary, Dow Roofing has moved to amend its Answer upon learning about new facts previously unknown to it. Shimizu will not be prejudiced by the addition of these claims. Discovery is just beginning, the case management order was recently entered, and only one deposition has been taken.

9. This Motion is timely under the governing Case Management Order, which allows the parties to and including April 30, 2012 to file motions to amend the pleadings. In fact, based on this Court's March 6, 2012 Order granting the parties' Joint Motion to Enlarge, it is Dow Roofing's understanding that neither party need seek leave to file amended pleadings or add parties.

10. To the extent that leave must be sought, Dow Roofing notes that, in addition to there being no bad faith and this being a timely Motion, permitting amendment would not be futile. As the First Circuit has stated:

> If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). In this situation, amendment is not deemed futile as long as the proposed amended [pleading] sets forth a general scenario which, if proven, would entitle the [claimant] to relief against the [other party] on some cognizable theory.

*Hatch v. Department for Children, Youth & Their Families*, 274 F.3d 12, 17 (1st Cir. 2001).

11. Here, all of the claims asserted in the Amended Answer are clearly based upon allegations that would entitle Dow Roofing to relief under cognizable theories of liability. Dow Roofing is asserting counterclaims for misrepresentation, tortious interference, and a violation of M.G.L. c. 93A based on certain misrepresentation Plaintiff made to Dow Roofing. *See* Ex. A to Mot., Counterclaim at ¶¶ 7-23. Similarly, Dow Roofing has provided more than sufficient allegations in its proposed Third-Party Complaint to support its claim for relief in contribution against Canon and Kyoei. *See* Ex. A to Mot., Third-Party Complaint ¶¶ 3-7.

12. With respect to the advance notice requirement set forth in Local Rule 15.1(b) – that a party seeking to add parties provide those parties with 14-day advance notice before filing the motion for leave to amend – Dow Roofing states that it has made its best efforts to provide as much advance notice as possible prior to filing. Dow Roofing did not receive a transcript of the deposition that contained the newly discovered evidence at issue until April 24, 2012. The earliest Dow Roofing could reasonably prepare and serve its motion to amend and its amended pleading on the new parties was Friday, April 27. Dow Roofing thus asks the Court to either waive the requirement of 14 days notice requirement due to the unusual circumstances involved here, or to wait at least 14 days after the time allotted for Plaintiff to file its Opposition, if any, before ruling on the motion so that timely notice is, in effect, provided.

WHEREFORE, Dow Roofing respectfully requests that the Court either: (a) permit the Amended Answer filed separately from this Motion stand in the docket and deny this Motion as moot; or (b) grant this Motion.

Respectfully submitted,

*/s/ William A. Haddad*
William Haddad (BBO # 659829)
whaddad@collorallp.com
COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210
617.371.1000
617.371.1037 (Fax)

Robert D. MacGill (*admitted pro hac vice*)
robert.macgill@btlaw.com
Matthew B. Barr (*admitted pro hac vice*)
matthew.barr@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 236-1313

Attorneys for Dow Roofing Systems, LLC

Dated: April 27, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 27, 2012.

/s/ William A. Haddad